IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMMETT WADE CHRISTIAN,

Petitioner, No. 2: 09-cv-2858 MCE KJN P

vs.

MICHAEL S. EVANS,

Respondent. FINDINGS AND RECOMMENDATIONS

_______________________________/

I. Introduction

Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 conviction for possession of cocaine base and his 2007 conviction for pandering, battery and vandalism. The petition raises two claims challenging his sentence.

After carefully considering the record, the undersigned recommends that the petition be denied.[1]

////

[1] On August 11, 2010, petitioner was granted a forty-five day extension of time to file a reply to the answer. Forty-five days passed and petitioner did not file a reply.

II. Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

In Williams (Terry) v. Taylor, 529 U.S. 362 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 405. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law; or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Id. at 407-08. It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law. . . .[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19 (2002).

"Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76 (2006) (established law not permitting state sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by

unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority, in arriving at their decision. Early v. Packer, 537 U.S. 3 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

III. Discussion

Petitioner alleges that imposition of his upper term and consecutive sentences violated Cunningham v. California, 549 U.S. 270 (2007). The background to these claims is contained is contained in the opinion of the California Court of Appeal:

> In case No. 06F00442, defendant Emmett Christian pleaded no contest to a charge of cocaine possession. The trial court suspended imposition of sentence and placed him on probation in February 2006 with the condition that he participate in a drug treatment program and serve six months in jail (which condition it stayed pending the successful completion of the program).
>
> However, based on subsequent events occurring in May 2006, a jury convicted him in February 2007 in case No. 06F04779 of

> pandering, battery, and felony vandalism. The trial court sustained five recidivist allegations. In sustaining defendant's objection to submitting any sentencing factors to the jury, the trial court noted that defendant's multiple prior convictions and probationary status would allow the imposition of the upper term on any count even without any jury findings.
>
> At sentencing in April 2007, defendant moved for a reduction of the felony vandalism count to a misdemeanor and requested that the court exercise its discretion to strike the recidivist findings. The trial court granted the motion and also exercised its discretion to strike four of the recidivist findings on the ground that these robbery convictions represented a "single period of aberrant behavior" that occurred when defendant was 16, but declined to strike the finding that was based on his federal conviction as an adult for bank robbery. The court then imposed the upper term for the pandering conviction (doubled by virtue of his prior conviction), with concurrent jail terms for the two misdemeanors. Having previously found defendant in violation of probation in case No. 06F00442 based on his convictions in the other case, the court declined to reinstate him on probation and imposed a consecutive sentence of one-third the middle term.

(Respondent's Lodged Document 4, at 1-2.)

Petitioner argues that his upper term sentence for pandering violated Cunningham v. California, 549 U.S. 270 (2007).

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme Court held as a matter of constitutional law that, other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held that the "statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303.

In People v. Black, 35 Cal.4th 1238 (2005) ("Black I"), the California Supreme Court held that California's statutory scheme providing for the imposition of an upper term sentence did not violate the constitutional principles set forth in Apprendi and Blakely. The court in Black I reasoned that the discretion afforded to a sentencing judge in choosing a lower,

middle or upper term rendered the upper term under California law the "statutory maximum." Black I, 35 Cal.4th at 1257-61.

In Cunningham, the United States Supreme Court held that a California judge's imposition of an upper term sentence based on facts found by the judge (other than the fact of a prior conviction) violated the constitutional principles set forth in Apprendi and Blakely. Cunningham expressly disapproved the holding and the reasoning of Black I, finding that the middle term in California's determinate sentencing law was the relevant statutory maximum for purposes of applying Blakely and Apprendi. Cunningham, 549 U.S. at 291-94.

In light of Cunningham, the Supreme Court vacated Black I and remanded the case to the California Supreme Court for further consideration. Black v. California, 549 U.S. 1190 (2007). On remand, the California Supreme Court held that "so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury." People v. Black, 41 Cal.4th 799, 813 (2007) (Black II). In other words, as long as one aggravating circumstance has been established in a constitutional manner, a defendant's upper term sentence withstands Sixth Amendment challenge.

Relying on Black II, the Ninth Circuit confirmed that, under California law, only one aggravating factor is necessary to authorize an upper term sentence. Butler v. Curry, 528 F.3d 624, 641-43 (9th Cir. 2008).

In the instant case, the trial court imposed the upper term for the following reasons: 1) petitioner had a large number of prior felony convictions; 2) petitioner had served a prior prison term; 3) petitioner was on probation when the crime was committed. (Reporter's Transcript, volume 5, at 1238.) The probation report stated that petitioner had one prior federal

robbery conviction and four prior state convictions for robbery. (Court Reporter's Transcript, at 570-71.)

Reliance on prior convictions as a sentencing enhancing factor does not run afoul of Apprendi et al, in that such prior convictions need not be proven to a jury. Apprendi, 530 U.S. 490. Because petitioner's upper term sentence was based, in part, on the fact of his prior convictions, the trial court did not violate petitioner's Sixth Amendment rights by imposing the upper term sentence for his pandering conviction.[2] Apprendi, Blakely, Cunningham, supra.[3]

Petitioner next argues that imposition of consecutive sentences for his pandering and possession of cocaine base convictions violated the Sixth Amendment. In Oregon v. Ice, 129 S.Ct. 711, 714-15 (2009), the Supreme Court held that a defendant is not entitled to a jury determination of the facts necessary to the imposition of consecutive sentences. Accordingly, this claim is without merit.

After conducting an AEDPA review, the undersigned finds that the denial of these claims by the state courts was not an unreasonable application of clearly established Supreme Court authority. Accordingly, the petition should be denied.

---

[2] Petitioner does not contend that the trial court incorrectly found that he had the prior convictions.

[3] Petitioner's prior state robbery convictions were juvenile convictions. (Court Reporter's Transcript, at 570-71.) Although not directly raised by petitioner, he may be arguing that the use of his juvenile convictions to impose the upper term violated the Sixth Amendment. In United States v. Tighe, 266 F.3d 1187, 1194 (9th Cir. 2001), the Ninth Circuit held that the Apprendi "prior conviction" exception encompasses only those proceedings that provide a defendant with the procedural safeguards of a jury trial and of proof beyond a reasonable doubt. As a result, the court in Tighe declined "to extend Apprendi's 'prior conviction' exception to include prior nonjury juvenile adjudications." Id.
  Since deciding Tighe, the Ninth Circuit has recognized that both California courts and other federal circuit courts of appeal disagree with its holding in Tighe, supra. See Boyd v. Newland, 467 F.3d 1139, 1152 (9th Cir. 2006). Thus, while Tighe remains good law in the Ninth Circuit, "the opinion does not represent clearly established federal law 'as determined by the Supreme Court of the United States.'" Boyd, 467 F.3d at 1152 (quoting 28 U.S.C. § 2254(d)(1)). Accordingly, a claim by petitioner that use of his juvenile convictions to impose the upper term violated the Sixth Amendment would be denied.

IV. Conclusion

For all of the above reasons, the undersigned recommends that petitioner's application for a writ of habeas corpus be denied. If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 15, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chris2858.157